UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS LEWIS JONES,

    Petitioner,                                               Civil Action No.
                                                                11-CV-12995

vs.

                                                                HON. MARK A. GOLDSMITH

RAYMOND BOOKER,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Curtis Lewis Jones, proceeding *pro se*, challenges his state court conviction for breaking and entering a building with intent to commit a felony in violation of Mich. Comp. Laws § 750.110, for which he was sentenced to 2-to-15 years imprisonment in 1991. The petition alleges that this conviction was obtained in violation of his constitutional rights under *Kent v. United States*, 383 U.S. 541 (1966), because no juvenile waiver hearing was held.

Petitioner was discharged from this sentence on March 18, 2004, but he is now being held on an unrelated life-sentence imposed after his conviction in the Kent Circuit Court for second-degree murder.[1] Petitioner acknowledges that the sentence challenged by the petition has expired, but he asserts that the illegal conviction adversely impacts his prospects for being paroled from his

---

[1] Petitioner's release date was obtained from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), from which this Court is permitted to take judicial notice. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

current sentence. As will be explained, the petition must be dismissed for lack of jurisdiction because Petitioner is no longer "in custody" by virtue of the conviction he challenges in the present petition.

Rule 4, Rules Governing Section 2254 Cases, provides that a district court must enter an order for the summary dismissal of a habeas corpus action "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. *See Mabry v. Johnson*, 467 U.S. 504, 506 n.3 (1984) (prisoner's § 2254 action was not moot despite the fact that he had been paroled); *Garlotte v. Fordice*, 515 U.S. 39, 45-47 (1995) (prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until all the consecutive sentences have been served). The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam). "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in

custody in violation of the Constitution or laws or treaties of the United States." *Id*. at 490 (quoting 28 U.S.C. § 2241(c)(3)).

Here, the sentence challenged in the petition expired in 2004. Petitioner filed the present petition on July 12, 2011. Because he has fully served his sentence, the Court lacks subject matter jurisdiction over any challenge to the constitutionality of that conviction or sentence. As such, the petition must be dismissed. Petitioner's allegation that his expired sentence affects the likelihood that he will be paroled from his current sentence does not save his petition. "Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. Accordingly, because the Court does not have jurisdiction over this matter, the petition must be dismissed.

The Court will also deny Petitioner a certificate of appealability. A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). Here, reasonable jurists could not debate the Court's decision to dismiss the petition.

3

For the reasons stated above, the petition is dismissed and a certificate of appealability is denied.

SO ORDERED.


Dated: November 10, 2011                s/Mark A. Goldsmith
        Flint, Michigan                 MARK A. GOLDSMITH
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2011.

                                        s/Deborah J. Goltz
                                        DEBORAH J. GOLTZ
                                        Case Manager